Lawrence C. Moorer v. Leland Lumber Company.

[48 South. 621.]

1. Contract. *Building material. Sale of specified lumber to owner of house. Delivery of extra lumber to builder.*

Where the contract between the owner and a builder estimated and specified the lumber necessary for use in the erection of a house and a lumber dealer agreed to furnish the same to the builder at a certain price on the owner's credit, and the dealer furnished only a part of it, he may recover of the owner the unpaid portion of the value of the lumber embraced in the estimate and furnished by him.

2. Agreement of Counsel. *Construction.*

An agreement of counsel, that certain written memoranda introduced in evidence by the plaintiff showed that a definite amount of lumber was furnished under an "estimate," did not refer to the extra lumber for which the suit was brought, not embraced in the "estimate."

From the circuit court of, first district, Hinds county.

Hon. Wiley H. Potter, Judge.

The Leland Lumber Company, appellee, was plaintiff in the court below; Moorer, appellant, was defendant there. From a judgment in plaintiff's favor defendant appealed to the supreme court.

The plaintiff contracted with one Ellis, a carpenter, for the erection of a building in the city of Jackson; they agreed upon an estimate of the lumber necessary for the structure and a bill thereof was made out, specifying the size and length of each piece of it. This estimate was submitted to the appellee, a lumber dealer and appellee agreed to furnish the same, as specified in the bill, to Ellis the carpenter for $1,400; but the same when so delivered to Ellis was as appellee contended to be paid for by appellant Moorer, the owner for whom the house was to be constructed. The appellee furnished Ellis, the carpenter, with $1,173.10 worth of the lumber embraced in

the estimate and the appellant paid appellee $900 therefor, leaving a balance due of $273.10. The appellee also furnished Ellis, the carpenter, with extra lumber not embraced in the estimate and this was done, as appellant contended, without appellant's knowledge or consent.

The suit was an action of assumpsit by appellee, the lumber dealer, against the owner not alone for the balance due on the lumber embraced in the estimate but for the value of the extra lumber as well. The plaintiff recovered a judgment in the court below for the full sum demanded. Other facts are stated in the opinion of the court.

*Tim E. Cooper* and *V. Otis Robertson,* for appellant.

We concede that the plaintiff's evidence does support its contention that Moorer did agree to pay this $1,400 in block and that $1,173 of the estimate was delivered. Subtracting the $900 paid in cash, the judgment finds support in the testimony to the amount of $273.10. The amount for which the plaintiff recovered judgment, however, was the whole $413.91 sued for by it. This amount is made up of the items of "extra" sued for, amounting to $140.81, in addition to the $273.10. As to this amount of $140.81, we submit to the court that there is not one scintilla of testimony to support the judgment.

We need not cite authorities, we are sure, for this proposition, viz: That to entitle a plaintiff to recover for goods sold and delivered, he must prove:

First. That the goods were sold and delivered.

Second. That the price at which they were sold was agreed on by the purchaser, or, if he does not prove this agreement, then he must show the reasonable value of the articles. Upon which proof of the reasonable value, the law imputes to the purchaser an obligation to pay to the seller.

There is no proof whatever that Moorer purchased any lumber except that embraced in the estimate; none that he purchased the extras. The term "estimate" used in the agree-

ment of counsel refers manifestly only to the original estimate, and has no reference to the extra lumber.

*J. B. Stirling* and *F. M. West,* for appellee.

Of course the word "estimate" should be taken as meaning materials which were to be furnished in the construction of the house; the very term "estimate" indicated that there was nothing certain as to the amount to be furnished, but such amounts should be furnished as would be necessary to build the house, and under the estimate the jury concluded that the materials were furnished to Moorer instead of to Ellis.

WHITFIELD, C. J., delivered the opinion of the court.

The original estimate in this case, which is attached to the declaration as Exhibit B thereto, shows the amount, in value, of the lumber deemed necessary for the building to be $1,400. It is plainly shown that $900 in cash were paid the appellee, and that $226.90 worth of lumber was credited back by way of deficiencies; that is to say, that much lumber under the original estimate was never furnished and never was in the building. If these two sums be added together and subtracted from the amount of the original estimate, it shows, beyond controversy, that only $273.10 could have been recovered in this suit on the evidence in this record, if extras furnished are not embraced under the terms of the agreement of counsel set out in the record.

That agreement is in the following words: "It is agreed between counsel that the full amount furnished under the estimate, as shown by the slips or dray tickets, is $1,390.06, of which the dray tickets contain the statement: Sold to Ellis, $834.04; sold to Moorer, $556.02." We do not think there can be any reasonable controversy as to the meaning of the word "estimate" in this agreement. We think it is clear that this agreement refers alone to the amount of the original estimate, and not at all to the amount of any extras that may

have been furnished. ˙ This being so, it is plain that the verdict of the jury was for too much.

There is also a motion in this case to purge from the record certain documents. It is entirely unnecessary to a decision in . the case to deal with this motion at all.

The judgment is *reversed,* and the cause *remanded.*